UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, TRUSTEES OF THE
NEW YORK CITY CARPENTERS RELIEF
AND CHARITY FUND, THE NEW YORK
CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT
CORPORATION, and NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS,

                Petitioners,

       -against-

BAU ENGINEERING INC.,

                Respondent.

**<u>ORDER</u>**

18 Civ. 5094 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Trustees of the New York City District Council of Carpenters Pension Fund,

Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and

Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, New York

City and Vicinity Carpenters Labor-Management Corporation (collectively, the "Funds"), and

the New York City District Council of Carpenters (the "Union") (collectively with the Funds,

"Petitioners") filed this Petition seeking to confirm an arbitration award that they obtained

against Respondent Bau Engineering Inc. pursuant to a collective bargaining agreement and

Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185.

Although the Petition was served (Dkt. No. 8), Respondent has neither opposed the Petition nor otherwise appeared in this action.  For the reasons stated below, the Award will be confirmed.

## BACKGROUND

Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund are trustees of multiemployer labor-management trust funds.  (Pet. (Dkt. No. 1) ¶ 3)  Petitioners Trustees of the New York City District Council of Carpenters Relief and Charity Fund are trustees of a charitable organization.  (Id. ¶ 4)  Petitioner New York City and Vicinity Carpenters Labor-Management Corporation is a New York-based not-for-profit corporation.  (Id. ¶ 5)  Petitioner New York City District Council of Carpenters is a labor organization certified as the bargaining representative for certain employees of the Respondent. (Id. ¶ 6)  Respondent Bau Engineering Inc. is a corporation and employer under the LMRA.  (Id. ¶ 7)

On May 14, 2013, Respondent executed a Letter of Assent to the New York City Agency Renovation and Rehabilitation of City Owned Buildings and Structures Project Labor Agreement (the "NYC Agency PLA").  (Id. ¶ 9; May 14, 2013 Letter of Assent (Dkt. No. 1-1); NYC Agency PLA (Dkt. No. 1-2))  On June 10, 2014, Respondent executed Letters of Assent to the Mall at Bay Plaza Project Labor Agreement (the "Mall at Bay Plaza PLA").  (Pet. (Dkt. No. 1) ¶ 11; June 10, 2014 Letters of Assent (Dkt. No. 1-3); Mall at Bay Plaza PLA (Dkt. No. 1-4))

Both PLAs provide that Respondent is obligated to pay contributions to the Funds in accordance with the terms of a collective bargaining agreement ("CBA") between the Union and the Building Contractors Association, Inc.  (Pet. (Dkt. No. 1) ¶¶ 14-15; NYC Agency PLA (Dkt. No. 1-2) Art. 11 § 2(a) & Schedule A; Mall at Bay Plaza PLA (Dkt. No. 1-4) Art. 11 § 2(a)

2

& Schedule A)  The CBA requires Respondent to contribute to the Funds based on the number of

hours that employees worked.  (Pet. (Dkt. No. 1) ¶ 16; CBA (Dkt. No. 1-5) Art. XVI § 1)  The

CBA also requires Respondent to furnish its books and records to the Funds upon request to

allow the Funds to ensure that Respondent is making the required contributions.  (Pet. (Dkt. No.

1) ¶ 18; CBA (Dkt. No. 1-5) Art. XVI § 1)  Petitioners' audit for the period covering June 12,

2013 through March 31, 2015 showed that Respondent had not remitted required contributions to

the Funds.  (Pet. (Dkt. No. 1) ¶ 22; Award (Dkt. No. 1-8) at 3)[1]

       The CBA provides that

> [s]hould any dispute or disagreement arise between the parties. . . concerning any
> claim arising from payments to the Fund of principal and/or interest which is
> allegedly due, either party may seek arbitration of the dispute before the impartial
> arbitrator. . . . The arbitrator shall have full and complete authority to decide any
> and all issues raised by the submission and to fashion an appropriate remedy
> including, but not limited to, monetary damages.  The arbitrator's award in this
> regard shall be final and binding upon the parties . . . and shall be wholly
> enforceable in any court of competent jurisdiction.  The cost of the arbitration,
> including the fees to be paid to the arbitrator shall be included in the award and
> shall be borne by the losing party.

(CBA (Dkt. No. 1-5) Art. XVI § 7)

       Pursuant to the CBA, Respondent was bound by the Funds' Collection Policy.

(Pet. (Dkt. No. 1) ¶ 17; CBA (Dkt. No. 1-5) Art. XVI § 3; Funds' Collection Policy (Dkt. No. 1-

6))  The CBA and the Collection Policy provide that the Funds may obtain the following relief in

any arbitration or lawsuit for unpaid contributions:  (1) the sum of unpaid contributions; (2)

interest on the unpaid contributions; (3) liquidated damages; and (4) reasonable costs and

attorneys' fees incurred by the Funds in collecting the delinquencies.  (CBA (Dkt. No. 1-5) Art.

---

[1] Citations to page numbers refer to the pagination generated by this District's Electronic Case
Files ("ECF") system.

XVI § 6(a); Funds' Collection Policy (Dkt. No. 1-6) § V)  The Collection Policy specifies that attorneys' fees "shall be assessed against a delinquent employer, at the same hourly rate charged to the Funds for such services."  (Funds' Collection Policy (Dkt. No. 1-6) § V(6))

On October 18, 2017, Petitioners initiated arbitration and sent a Notice of Hearing to Respondent.  (Pet. (Dkt. No. 1) ¶ 23; Notice of Hearing (Dkt. No. 1-7))  The arbitral hearing took place on January 25, 2018.[2]  (Pet. (Dkt. No. 1) ¶ 24; Award (Dkt. No. 1-8) at 2)  Although the parties had agreed to conduct the hearing via teleconference, Respondent nevertheless failed to appear.  (Award (Dkt. No. 1-8) at 2)  At the hearing, Petitioners provided "uncontroverted testimony and evidence" that the applicable CBA requires Respondent to make certain contributions to the Funds and to allow Petitioners to audit Respondent's books and records to ensure that Respondent is making those contributions.  (Id. at 2-3)  The testimony of Petitioner's auditor established that Respondent failed to make required contributions for the period between June 12, 2013 and March 31, 2015.  (Id. at 3)

In a January 29, 2018 award (the "Award"), the arbitrator determined that Respondent owes a total of $36,404.74, which includes $21,261.12 in delinquent contributions, $4,096.14 in interest, $4,308.60 in audit costs, $4,252.22 in liquidated damages, $38.32 for a promotional fund fee, $33.81 for a non-audit late payment interest, $14.53 in additional shortages, $400.00 in costs, $1,500 in attorney's fees, and $500.00 in arbitrator's fees.  (Id. at 3-

---

[2]  A hearing also took place on October 6, 2016, at which Respondent failed to appear.  (Award (Dkt. No. 1-8) at 1)  The arbitrator "was made aware that Respondent [had] appeared late" on that date, and the parties agreed to reschedule the hearing for February 2, 2017.  (Id. at 1-2)  The hearing was subsequently adjourned repeatedly at Respondent's request.  (Id. at 2)  On January 24, 2018, Respondent requested another adjournment, but the arbitrator denied that request.  (Id.)

4)  The arbitrator also awarded interest at the rate of 5.75% from the date of the award.[3]  (Id. at

4)

On June 7, 2018, Petitioners filed the Petition, which seeks confirmation of the

Award, attorneys' fees and costs arising out of this action, and post-judgment interest.  (Pet.

(Dkt. No. 1) at 8)  Since then, Respondent has not paid any portion of the award.  (Id. ¶ 27)

Respondent has not responded in any fashion to the Petition, nor has Respondent appeared in this

action.

## DISCUSSION

### I.    APPLICABLE LAW

"It is well established that courts must grant an [arbitrator's] decision great

deference."  Defuerco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d

Cir. 2003).  Accordingly, "confirmation of an arbitration award is 'a summary proceeding that

merely makes what is already a final arbitration award a judgment of the court.'"  D.H. Blair &

Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750

F.2d 171, 176 (2d Cir. 1984)).  "Only a 'barely colorable justification for the outcome reached'

by the arbitrators is necessary to confirm the award."  Id. (quoting Landy Michaels Realty Corp.

v. Local 32B-32J, Service Employees Int'l Union, 952 F.2d 794, 797 (2d Cir. 1992)).

Because a petition to confirm an arbitration award should be "treated as akin to a

motion for summary judgment based on the movant's submissions," where the non-movant has

failed to respond to a petition to confirm, the court "may not grant the motion without first

examining the moving party's submission to determine if it has met its burden of demonstrating

---

[3]  The interest rate was the prime lending rate of Citibank plus 2 percent.  (Collection Policy
(Dkt. No. 1-6) § V(1))

that no material issue of fact remains for trial." <u>D.H. Blair</u>, 462 F.3d at 109-110 (citation

omitted).  Even unopposed petitions to confirm arbitration awards must "fail where the

undisputed facts fail to show that the moving party is entitled to judgment as a matter of law."

<u>Id.</u> (quoting <u>Vt. Teddy Bear Co. v. 1-800 Beargram Co.</u>, 373 F.3d 241, 244 (2d Cir. 2004)

(quoting <u>Champion v. Artuz</u>, 76 F.3d 483, 486 (2d Cir. 1996)) (internal quotation marks

omitted)).

## II.    ANALYSIS

Here, Petitioners have met their burden of demonstrating that there is no genuine

issue of material fact that precludes granting them summary judgment as to all portions of the

Award.  Before issuing the Award, the arbitrator considered the testimony and evidence

presented at the hearing.  (Award (Dkt. No. 1-8) at 2-3)  The arbitrator determined, "[u]pon the

substantial and credible evidence of the case as a whole," that Respondent was "delinquent" in

monies due under the CBA and was "obligated to pay delinquency assessment and interest on its

delinquency, plus an Attorney's Fee to the Petitioners and the Fee of the undersigned Arbitrator,

Court Costs, Audit Costs, Promotional Fund Fee plus Additional Shortages all in accordance

with the terms and provisions of the Collective Bargaining Agreement."  (<u>Id.</u> at 3)  As noted

above, the arbitrator determined that the total amount owed is $36,404.74, with interest to accrue

at 5.75% from the date of the Award.  (<u>Id.</u> at 4)

The Award was within the powers granted to the arbitrator in the CBA, which

states that in the event that a "dispute or disagreement arise between the parties . . . concerning

any claim arising from payments to the Fund of principal and/or interest which is allegedly due,

either party may seek arbitration of the dispute before the impartial arbitrator."  (<u>See</u> CBA (Dkt.

No. 1-5) Art. XVI § 7)  The CBA further states that the "arbitrator shall have full and complete

authority to decide any and all issues raised by the submission and to fashion an appropriate remedy including . . . monetary damages." (Id.)  The arbitrator's award is consistent with the CBA's provisions.

"[C]ourts are not authorized to review [an] arbitrator's decision on the merits [even in the face of] allegations that . . . the decision rests on factual errors or misinterprets the parties' agreements." N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc., No. 11. Civ. 3015 (RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (quoting Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001)) (internal quotation marks omitted).  Here, of course, Respondent has made no such allegation.

A court "may vacate an arbitration award in four specific situations":

"(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators . . .; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

In re Arbitration Between General Sec. Nat. Ins. Co. and AequiCap Program Administrators, 785 F. Supp. 2d 411, 417 (S.D.N.Y. Apr. 29, 2011) (quoting 9 U.S.C. § 10(a)).

Here, there is no evidence that the arbitrator's decision was unlawful, arbitrary, or in excess of the arbitrator's powers.  Accordingly, this Court grants the unopposed Petition to confirm all aspects of the Award.

### III.    ATTORNEYS' FEES

Petitioners' request for attorneys' fees arising out of this action is also granted. "[C]ourts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the

court." <u>Abondolo v. H. & M.S. Meat Corp.</u>, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4-5 (S.D.N.Y. May 12, 2008) (collecting cases).  Under the CBA, Petitioners are entitled to reasonable attorneys' fees and costs in a court action to collect delinquent funds.  (CBA (Dkt. No. 1-5) at Art. XVI § 6(a))  The Funds' Collection Policy specifies that attorney fee awards are to be assessed at the same rate that the Funds pay their counsel for legal services.  (Funds' Collection Policy (Dkt. No. 1-6) § V(6))  The hourly rates sought by Petitioners here correspond with the rates that the Funds themselves pay for legal services (Pet. (Dkt. No. 1) ¶ 35), and the requested fees and costs are otherwise reasonable.  <u>See, e.g.</u>, <u>Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Concrete Bros. Constr. LLC</u>, No. 20-CV-2196 (JGK), 2020 WL 3578200, at *4 (S.D.N.Y. July 1, 2020) (awarding $350 hourly to partner at Virginia & Ambinder, LLP ("V&A") and $120 per hour for legal assistants); <u>Trustees of New York City Dist. Council of Carpenters Pension Fund v. Earth Constr. Corp.</u>, No. 19-CV-5411 (ALC), 2020 WL 614740, at *3 (S.D.N.Y. Feb. 10, 2020) (awarding $275 per hour for V&A associates).

**IV.   <u>POST-JUDGMENT INTEREST</u>**

Petitioners' request for post-judgment interest at the statutory rate (Pet. Br. (Dkt. No. 5) at 7-8) is also granted.  "28 U.S.C. § 1961(a) mandates post-judgment interest for civil money judgments recovered in federal district court." <u>Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. S&S Kings Corp.</u>, No. 19-CV-01052 (RA), 2019 WL 4412705, at *4 (S.D.N.Y. Sept. 16, 2019) (confirming arbitration award and granting pre- and post-judgment interest) (citing <u>Westinghouse Credit Corp. v. D'Urso</u>, 371 F.3d 96, 100 (2d Cir. 2004)).

8

"'[P]ost-judgment interest 'shall be calculated from the date of the entry of the judgment.'" <u>Id.</u>

(quoting 28 U.S.C. § 1961(a)).

## <u>CONCLUSION</u>

    For the reasons stated above, the Petition to confirm the arbitration award (Dkt.

No. 1) is granted.  The Clerk of Court is directed to enter judgment confirming the arbitration

award in the amount of $36,404.74, with interest accruing at a 5.75% percent as of January 29,

2018, until entry of judgment.  The Clerk is also directed to include in the judgment $3,000 in

attorneys' fees and $75 in costs.  Post-judgment interest on the entire amount will accrue from

the date of the judgment at the rate provided by 28 U.S.C. § 1961(a).  The Clerk of Court is

further directed to close this case.

Dated:  New York, New York
   August 23, 2020

         SO ORDERED.

         _____
         Paul G. Gardephe
         United States District Judge